IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,565-02






EX PARTE CHARLES EMANUEL JEFFERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 48832 IN THE 434TH DISTRICT COURT


FROM FORT BEND COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated assault and sentenced to fifteen years' imprisonment on each count. The Fourteenth
Court of Appeals affirmed his convictions. Jefferson v. State, No. 14-10-00739-CR (Tex.
App.--Houston [14th Dist.] 2011, no pet.).

 Applicant contends that his appellate counsel failed to advise him of his right to file a pro
se petition for discretionary review (PDR). The trial court recommended that we grant Applicant
an out-of-time PDR. There is no response from counsel in the record, however, and ordinarily,
counsel should be afforded an opportunity to explain his conduct before he is found ineffective.
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant's claim. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response, the trial court shall make further findings of fact and
conclusions of law as to whether Applicant is entitled to an out-of-time PDR. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: February 6, 2013

Do not publish